**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENJAMIN POST** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-CV-4587 |
| | : | |
| **ST. PAUL TRAVELERS** | : | |
| **INSURANCE CO., et al.**, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## EXPLANATION AND ORDER

### I.  INTRODUCTION

On February 7, 2008, Plaintiff Benjamin Post ("Post") filed an amended complaint

against St. Paul Travelers Insurance Company ("St. Paul) alleging Breach of Contract (the

insurance policy), Breach of Contract (agreement to pay the costs of the sanctions proceeding),

Bad Faith Refusal to Provide Insurance Coverage, Promissory Estoppel, and asking for a

Declaratory Judgment.  On January 7, 2009, I granted Post's Motion for Summary Judgment with

respect to Count I (Breach of Contract (the insurance policy)) and Count V (Declaratory

Judgment).[1]  On February 9, 2009, with the Court's permission, St. Paul renewed its Motion for

Summary Judgment as to Count III, asking for a dismissal of Post's claim for bad faith refusal to

provide insurance coverage.

---

[1]  Because St. Paul failed to sufficiently address the bad faith issue, I denied their
summary judgment motion without prejudice.

1

## II. BACKGROUND[2]

In 2003, Post and Tara A. Reid ("Reid") were defense counsel representing Mercy Hospital ("Mercy") in a medical malpractice suit in the Common Pleas Court of Luzerne county, captioned Bobbett, et al. v. Mercy Hospital, et al. (the "Bobbett case").  During trial, Mercy and the Bobbett plaintiffs reached a settlement agreement; Mercy claimed this was due, at least in part, to allegations of discovery abuse by defense counsel (Post and Reid).  On or about October 2005, Catholic Health Partners Vice-President for Risk and Insurance, Michael Williams ("Williams") sent letters to Post advising him not to destroy any documentation from the Bobbett case and to place Post on notice that Mercy intended to sue Post for malpractice.  On October 20, 2005, Williams asked Post to notify his professional liability carrier and have someone from that company contact Williams.  In early November 2005, Post's counsel George Bochetto ("Bochetto") contacted St. Paul to put them on notice of a claim or potential claim against Post and included the October 20 letter from Williams.  St. Paul opened a claims file for Post and Michael Spinelli ("Spinelli") assumed responsibility for this claim.

Post asserts, however, that nobody from St. Paul acknowledged receipt of Bochetto's letter, nor did anyone contact Bochetto or Post at that time, despite the fact that St. Paul had a policy of contacting the insured within 24 hours of receiving a claim.  Post also alleges that St. Paul did not timely investigate Mercy's claim as required by Pennsylvania law, 31 Pa. Code § 146.6, et seq., and by St. Paul's own internal standards.  Post further contends that, though St. Paul did not respond to Bochetto's letter, St. Paul did agree to retain counsel to represent Post's former law firm (Post and Schell) in the same claim brought by Mercy.

---

[2] The facts were considered in the light most favorable to Post, the non-moving party.

On November 21, 2005, the Bobbett plaintiffs filed a Petition for Sanctions ("sanctions petition") against Post and Reid.  Soon after, Mercy filed an answer to the sanctions petition but did not bring an independent suit against Post and Reid at that time.  In the sanctions petition, the Bobbetts sought sanctions against Post and Reid and "any other relief this court deems just and equitable under the unique and serious circumstances presented before it." (St. Paul's Motion for Summary Judgment, Exhibit C Part 2, p. 59).  Mercy sought the same relief in their Answer.  On November 28, 2005, Bochetto advised St. Paul of the sanctions petition.  Post and Reid sought a defense to the sanctions petition and to Mercy's Answer from St. Paul under a Professional Liability Policy ("Liability Policy").  Post contends that Mercy made a malpractice claim that was covered by the Liability Policy and that Mercy joined the sanctions petition in anticipation of their malpractice suit.  St. Paul's position was that the sanctions petition only sought relief in the form of sanctions, which are excluded under the Liability Policy.

In December 2005, St. Paul retained outside counsel, Mark Anesh ("Anesh"), to advise them on their coverage obligations toward Post.  Anesh was not advised of Mercy's potential malpractice claim, but was provided with information regarding the sanctions petition.  Under Anesh's guidance, St. Paul continued to decline coverage on the ground that "sanctions" were excluded from the Liability Policy.  Post alleges that St. Paul repeatedly ignored Bochetto's requests to reconsider this denial of coverage for the sanctions action.[3]    On November 19, 2007, Mercy filed a *praecipe* for writ of summons against Post in the Court of Common Pleas of Luzerne County.

---

[3] It is unclear whether there were any legal expenses incurred defending Mercy's straightforward malpractice claim separate from those stemming from defending the sanctions petition.  Post does not allege that St. Paul denied coverage for the malpractice action.

### III.  JURISDICTION

This court has jurisdiction to hear this case under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  Both parties agree that Pennsylvania law applies to this case.

### IV.  SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Facts are material if they might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue exists when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party.  Id. at 248-52.

Summary judgment is appropriate as a matter of law when the non-moving party has failed to make an adequate showing on an essential element of his case, as to which he has the burden of proof at trial.  Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999). To overcome a summary judgment motion, a plaintiff may not rely on allegations or denials; a plaintiff must set out specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).

### V.  DISCUSSION

Count III: Bad Faith Refusal to Provide Insurance Coverage

To recover for bad faith of an insurer under 42 Pa. Cons. Stat. Ann. § 8371, a plaintiff must satisfy a two-prong test: 1) the insurer did not have a reasonable basis for denying coverage and 2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied

4

coverage.  Greene v. United Servs. Automobile Ass'n., 936 A.2d 1178, 1189 (Pa. Super. Ct.

2007).  Bad faith is "any frivolous or unfounded refusal to pay proceeds of a policy."  Id. at 1188.

(citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (1994)).  As the Third

Circuit stated twice in J.C. Penney Life Insurance Company v. Pilosi, "[a] reasonable basis is all

that is required to defeat a claim of bad faith."  393 F.3d 356, 367 (3d Cir. 2004).

 St. Paul contends that they did not act in bad faith in denying Post coverage because they

had a reasonable basis for denying Post's claim.  Post asserts that St. Paul denied coverage in bad

faith by ignoring communication from the insured, violating its own policies and procedures,

agreeing to pay for defense counsel for another insured in an identical matter, and keeping crucial

information from outside counsel hired to assist in the coverage determination, among other

allegations.  Post argues that "willful mishandling of a claim, irrespective of the final decision on

coverage, is a basis for finding bad faith."  (Plaintiff's Sur-reply, p. 1).  In support of this, Post

cites a non-precedential Third Circuit opinion and numerous district court opinions. Post does

not, however, explain how this Court could decline to follow the most recent precedential Third

Circuit opinion on this issue in which the court unequivocally said that a reasonable basis for

denying coverage is sufficient to defeat a claim of bad faith.  J.C. Penney, 393 F.3d at 367.

Under Pennsylvania law, questionable conduct giving the appearance of bad faith is not sufficient

to establish a bad faith refusal to provide coverage if the insurer had a reasonable basis for

denying the claim.  See J.C. Penney, 393 F.3d at 367 (holding that even though the insurer took

inconsistent positions and may have put false statements in their marketing materials, they did

not deny coverage in bad faith because it was reasonable to challenge the insured's claim).

Pennsylvania Courts have established a two-prong test for a plaintiff to recover for bad faith

denial of insurance coverage; first, the plaintiff must show that the insurer did not have a

reasonable basis to deny coverage.  Post, though he makes many allegations of misconduct on the

part of St. Paul, cannot prove that St. Paul did not have a reasonable basis to deny coverage and

therefore cannot meet the first prong of this test.  Here, though I previously held that coverage of

the Sanctions Petition was required, St. Paul had a reasonable basis to deny coverage.  St. Paul

denied coverage to Post because the Sanctions Petition requested relief in the form of sanctions,

which St. Paul had court to believe were excluded from the Liability Policy.  Based on my

extensive analysis of St. Paul's coverage obligations in my prior opinion (Doc. #86) I find that

St. Paul's denial of coverage was not legally frivolous or unfounded.  Post cannot maintain a

claim for bad faith even if his allegations of improper conduct are true because the sanctions

exclusion in the Liability Policy was a reasonable basis for denying coverage.  Therefore, I grant

St. Paul's Renewed Motion for Summary Judgment as to Count III (Bad Faith Refusal to Provide

Insurance Coverage).

<u>ORDER</u>

**AND NOW**, this __31st____ day of March, 2009, it is **ORDERED** that St. Paul Travelers

Insurance Company's Motion for Summary Judgment as to Count III (Bad Faith Refusal to

Provide Insurance Coverage) is **GRANTED.**

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:       Copies **MAILED** on _____ to:

7

8