IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN POST** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-CV-4587 |
| | : | |
| **ST. PAUL TRAVELERS** | : | |
| **INSURANCE CO., et al.**, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**I.  INTRODUCTION**

On February 7, 2008, Plaintiff Benjamin Post ("Post") filed an amended complaint against St. Paul Travelers Insurance Company ("St. Paul) alleging Breach of Contract (the insurance policy), Breach of Contract (agreement to pay the costs of the sanctions proceeding), Bad Faith Refusal to Provide Insurance Coverage, Promissory Estoppel, and asking for a Declaratory Judgment.  On January 7, 2009, I granted Post's Motion for Summary Judgment with respect to Count I (Breach of Contract (the insurance policy)) and Count V (Declaratory Judgment).[1]  On February 9, 2009, with the Court's permission, St. Paul renewed its Motion for Summary Judgment as to Count III, asking for a dismissal of Post's claim for bad faith refusal to provide insurance coverage.  On March 31, 2009, I granted St. Paul's renewed summary

---

[1] Because St. Paul failed to sufficiently address the bad faith issue, I denied their summary judgment motion without prejudice.

judgment motion. On April 10, 2009, Post filed a Motion for Reconsideration and to Alter Judgment asking the Court to reconsider its decision granting summary judgment to St. Paul on Count III (Bad Faith Refusal to Provide Insurance Coverage).

## II.  BACKGROUND

The facts of this case were laid out in my two previous opinions (Docs. # 86 and 109).

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are material if they might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue exists when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Id. at 248-52.

Summary judgment is appropriate as a matter of law when the non-moving party has failed to make an adequate showing on an essential element of his case, as to which he has the burden of proof at trial. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999). To overcome a summary judgment motion, a plaintiff may not rely on allegations or denials; a plaintiff must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e).

## IV.  DISCUSSION

Post contends that the Court erred in three ways: 1) by ignoring the legal significance of St. Paul's misconduct and ignoring a dispute of material fact over whether St. Paul's conduct was

reasonable; 2) by mischaracterizing the plaintiff's position; and 3) by issuing summary judgment before the completion of discovery that could affect the motion.

First, Post contends that the Court erred by ignoring the legal significance of St. Paul's misconduct and whether or not this conduct was reasonable. I previously held that St. Paul did not act in bad faith in denying coverage of the sanctions petition because they had a reasonable basis for denying coverage and I granted summary judgment in St. Paul's favor as to Count III (Bad Faith Refusal to Provide Insurance Coverage.)

The insured is required to meet its burden of proving "bad faith" by clear and convincing evidence. Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005). To recover for an insurer's bad faith under 42 Pa. Cons. Stat. Ann. § 8371, a plaintiff must satisfy a two-prong conjunctive test: 1) the insurer did not have a reasonable basis for denying coverage **and** 2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied coverage. Greene v. United Servs. Automobile Ass'n., 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007) (emphasis added). "[T]he motive of self-interest or ill will" of the insurer, while not a third element, "is probative of the second element...." Id. at 1190-91 (internal quotation marks omitted). St. Paul's alleged misconduct and ill will, that Post describes at length, are relevant to determine whether or not St. Paul knew or recklessly disregarded a lack of a reasonable basis for denying coverage. In other words, an insurer's misconduct, failure to investigate, and violations of regulations may all be relevant to a court's determination of whether or not the insurer acted in bad faith by denying coverage if the insurer did not have a reasonable basis for denying said coverage. The fact remains that St. Paul **had** a reasonable legal basis for denying coverage, and this is all that is needed to defeat a claim of bad faith. J.C. Penney Life Insurance Company v.

Pilosi, 393 F.3d 356, 367 (3d Cir. 2004).  The Third Circuit clearly stated that misconduct alone is not sufficient to find bad faith; the insured must show that the insurer lacked a reasonable basis to deny coverage.  Id.

Post further claims that whether or not St. Paul's conduct was reasonable is a question of fact for the jury.  The issue, however, is not if St. Paul's conduct was reasonable, but whether or not St. Paul had a reasonable legal basis for denying coverage.  Because I previously found that they did, I deny Post's Motion for Reconsideration as to St. Paul's denial of insurance coverage for the sanctions petition.

Second, St. Paul claims that the Court misunderstood Post to be arguing that St. Paul acted in bad faith only in denying coverage for the sanctions petition, when in truth St. Paul also acted in bad faith in denying coverage for Mercy's malpractice claim.  As St. Paul points out, this argument is made with the benefit of hindsight and is not an argument that was previously presented to the Court.  In Post's prior filings, including his amended complaint, Post does not allege that St. Paul affirmatively denied coverage for Mercy's malpractice claim.[2]  Instead, in Count III (Bad Faith Refusal to Provide Insurance Coverage) as well as in subsequent filings, Post alleges that St. Paul failed to acknowledge, investigate, and evaluate Mercy's malpractice claim.  Additionally, Post never explicitly differentiated between a claim of bad faith denial of coverage for the sanctions petition and bad faith denial of coverage for the malpractice claim as he does in this Motion for Reconsideration.

---

[2] Post's counsel notified St. Paul of the sanctions petitions 25 days after notifying St. Paul about Mercy's malpractice claim. (Pl.'s Reply to Mot. for Recon. 2).  Post never alleged that in those 25 days St. Paul actually denied coverage for the malpractice claim, but only that they ignored the claim during that time.  Failing to contact the insured within a few weeks after being notified of a claim is not sufficient to constitute a bad faith denial of coverage.

Despite the fact that this argument was not previously presented to the Court, there is insufficient evidence to support that St. Paul denied coverage for the legal malpractice claim in bad faith. To support this claim, Post states that after the sanctions petition was terminated, St. Paul agreed to pay only 50% of mediation costs in "matters relating to mediation of malpractice claim." (Post's Reply to Mot. for Recon. 3). As evidence of this, Post cites to a "Letter from Anesh to Post dated August 6, 2006, Exhibit A-17 to St. Paul Memorandum.[3]" In Exhibit A to St. Paul's Memorandum, however, there are three letters from Anesh worth discussing.

First, on July 26, 2006, Anesh stated that he had reviewed Post counsel's ("Bochetto") invoices and was not recommending reimbursement for "research for any activity *other than* the potential legal malpractice action by Mercy; or for those matters billed in which we *could not* ascertain its connection to the possible defense of a future legal malpractice action." (emphasis added.) Second, on September 6, 2006, Anesh told Bochetto that St. Paul would pay 50% of costs of mediation that encompasses both the sanctions matter and the potential legal malpractice action. Third, in the August 6, 2007 letter referred to by Post, Anesh informs Post that the legal malpractice policy does not cover a defense for discretionary or voluntary pre-suit mediation. Anesh explains further that despite this, St. Paul was willing to represent Post at the mediation and offered $3,000 to cover a one day mediation, but that Bochetto never responded to this proposal.

---

[3] On May 11, 2009, Post's counsel, Mr. Charles Fax, indicated by email to my law clerk and opposing counsel that the letter referred to in Exhibit A-17 is actually dated August 6, 2007.

Not only has Post provided no evidence that St. Paul actually denied coverage for Mercy's malpractice claim[4], but there *is* evidence in the letters from Anesh that St. Paul *agreed* to pay for matters connected to the defense of that claim.  Post has not provided adequate evidence to meet his burden of showing by clear and convincing evidence that St. Paul actually denied coverage for Mercy's legal malpractice claim, nor that this denial was made in bad faith.

Lastly, Post claims that summary judgment is premature because Post is still seeking evidence of St. Paul's written claims policies.  St. Paul's counsel maintained at the status conference on April 21, 2009, that no such written policies exist and that they would obtain affidavits verifying this.   On May 12, 2009, St. Paul's counsel submitted these affidavits along with their sur-reply to Post's Motion for Reconsideration (Doc. 119).  Discovery has therefore been completed on this issue.

Post's Motion for Reconsideration is denied.

                                                   s/Anita B. Brody

                                                   ANITA B. BRODY, J.

                                                   5/21/2009

---

[4] The only evidence Post provides that St. Paul ever affirmatively denied coverage for Mercy's malpractice claim is St. Paul's counsel's ambiguous statements at a status conference on April 21, 2009. (Pl.'s Reply 6, n. 2).  Statements of counsel, however, are not evidence creating an issue of material fact capable of defeating a motion for summary judgment.  See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 593 n. 4 (9th Cir.2002) ("[A]rguments and statements of counsel are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment")(citations omitted);  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1025 (10th Cir.1992) (explaining that statements of counsel, which "are not summary judgment evidence,"cannot create an evidentiary dispute); U.S. v. Fetlow, 21 F.3d 243, 248 (8th Cir. 1994) ("[S]tatements of counsel are not evidence.").

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to: