**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENJAMIN POST** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 06-CV-4587 |
| | : | |
| **ST. PAUL TRAVELERS** | : | |
| **INSURANCE CO., et al.**, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## EXPLANATION

### I.  INTRODUCTION

On February 7, 2008, Plaintiff Benjamin Post ("Post") filed an amended complaint

against St. Paul Travelers Insurance Company ("St. Paul) alleging Breach of Contract (the

insurance policy), Breach of Contract (agreement to pay the costs of the sanctions proceeding),

Bad Faith Refusal to Provide Insurance Coverage, Promissory Estoppel, and asking for a

Declaratory Judgment.  On January 7, 2009, I granted Post's Motion for Summary Judgment with

respect to Count I (Breach of Contract (the insurance policy)) and Count V (Declaratory

Judgment).[1]  On February 9, 2009, with the Court's permission, St. Paul renewed its Motion for

Summary Judgment as to Count III, asking for a dismissal of Post's claim for bad faith refusal to

provide insurance coverage.  On March 31, 2009, I granted St.  Paul's Motion for Summary

---

[1]  Because St. Paul failed to sufficiently address the bad faith issue, I denied their
summary judgment motion without prejudice.

1

Judgment as to Count III, and on May 22, 2009 I denied Post's Motion for Reconsideration.  On

May 22, 2009, I granted Post's Motion to Withdraw Counts II and IV of the amended complaint

(Breach of Contract (agreement to pay the costs of the sanctions proceeding) and Promissory

Estoppel).  Therefore, the only issue remaining in this case is the amount of damages due to Post

under Count I.  On June 15, 2009, St.  Paul filed a Motion *In Limine* to Preclude Evidence at

Trial of Post's Payment of Unrelated Fees and Expenses.  (Doc. #138).  A bench trial in this case

is currently scheduled to begin on October 20, 2009.

## II.  BACKGROUND[2]

I will not repeat the facts that were laid out in my previous opinions, but include the facts

specifically relevant to the Motion *In Limine*.  Post seeks compensation for the legal fees

incurred in two legal actions, Post v.  Mercy and Post v.  Quinn, that are allegedly related to the

malpractice claim and/or sanctions petition at issue in this case.   St.  Paul objects to the inclusion

of evidence regarding these two legal actions.   Post v.  Mercy was a complaint drafted, but never

filed, in Philadelphia County after the sanctions petition was terminated in preparation for the

mediation between Post and Mercy.  (St.  Paul's Motion *In Limine*, 8-9).  Post.  v.  Mercy alleged

wrongful use of civil proceedings (the sanctions petition), abuse of process (the sanctions

petition), negligence, gross negligence, and recklessness (failure to provide reliable information

in the underlying medical malpractice action - damages requested for costs of defending

sanctions petition), and fraud and deceit (adopting or not refuting false allegations against Post in

the sanctions petition).  (St.  Paul's Motion, Exhibit E).

---

[2] The facts were taken from Post's Opposition to St.  Paul's Motion *In Limine*, unless
otherwise noted.

Post v. Quinn was a defamation and tortious interference lawsuit against Joseph Quinn, opposing counsel in the underlying medical malpractice action, who initiated the sanctions proceedings against Post. This suit was designed to help Post defeat the sanctions action and according to Post it achieved its objective, as Quinn's dismissal of the sanctions petition was simultaneous to Post's discontinuation of his defamation suit.

**III.  DISCUSSION**

St. Paul contends that there is no basis for compensating Post's legal fees and costs associated with Post v. Mercy and Post v. Quinn. Post responds that those actions are covered because they were inextricably intertwined with Post's defense against Mercy and furthered such defense.

Post provides no court of appeals or Pennsylvania state court decisions on this issue, but presents the Court with a number of district court opinions. Post relies heavily on two cases out of the Eastern District of Pennsylvania in which the courts held that an insurance company is obligated to cover the costs of counterclaims raised in the same lawsuit if pursuit of those claims is "inextricably intertwined" with the insured's defense and is necessary to the defense of the litigation as a strategic matter. Safeguard Scientifics, Inc. v. Liberty Mut. Ins. Co., 766 F.Supp. 324, 334 (E.D.Pa. 1991); see also TIG Ins. Co. v. Nobel Learning Cmtys., Inc., No. 01-4708, 2002 U.S. Dist. LEXIS 10870 at *39-41 (E.D.Pa. June 19, 2002) (following Safeguard Scientifics and holding that the insurer was liable for costs of prosecuting insured's affirmative claims after a counterclaim was raised against the insured in the same action that triggered the duty to defend.) Both Safeguard Scientifics and TIG set forth the same legal standard for determining an insurer's liability for affirmative claims by the insured: if the claims are "part of

the same dispute," "could defeat or offset liability," and are "inextricably intertwined" with and "necessary to the defense" of the covered claim, the insurer is liable.  TIG, 2002 U.S. Dist. LEXIS 10870 at *39-41; Safeguard Scientifics, 766 F.Supp at 333-334.  In both cases, the courts also point out that the covered claims and the affirmative claims arose in the same lawsuit. Safeguard Scientifics, 766 F.Supp at 333; TIG, 2002 U.S. Dist.  LEXIS 10870 at *40.

St.  Paul also relies on a case out of the Eastern District of Pennsylvania in which the court held that an insurance company was not required to cover the cost of affirmative claims where the insured chose to instigate separate actions instead of filing counterclaims in the covered action.  Amquip Corp.  v.  Admiral Ins.  Co., No.  03-4411, 2005 U.S. Dist.  LEXIS 5462 at *25-27 (E.D.Pa.  March 31, 2005).  The Amquip court said:

> If courts were to consider the costs an insured incurred by instituting its own action for the purpose of bringing pressure on the other party under the guise of a litigation defense, it would encourage and endorse multiplicity of litigation.  This is much different than requiring the insurer to reimburse the insured for the cost of prosecuting counterclaims raised in the same action.

2005 U.S. Dist.  LEXIS 5462 at *26-27

Post responds that it is not the form or venue in which the affirmative claims are raised that is relevant to coverage, but whether or not the claims are inextricably intertwined with and could defeat or offset liability in the covered action.  (Post's Opposition, 8).

Because St.  Paul improperly failed to represent Post, St.  Paul must deal with the fees and the judgments of the lawyers who did represent Post.  I will allow Post to present evidence at trial regarding Post v.  Quinn and Post v.  Mercy and I will decide after hearing the evidence whether these actions were inextricably intertwined with the covered claims.  Therefore, St.

4

Paul's Motion *In Limine* to exclude evidence of fees and expenses related to <u>Post v.  Quinn</u> and

<u>Post v.  Mercy</u> is denied.

s/Anita B. Brody

_____

ANITA B. BRODY, J.      7/21/2009

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

5

6